**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

COMMONWEALTH OF VIRGINIA ex rel. KENNETH T. CUCCINELLI, II, in his official capacity as Attorney General of Virginia,

*Plaintiff-Appellee,*

v.

KATHLEEN SEBELIUS, Secretary of the Department of Health and Human Services, in her official capacity,

*Defendant-Appellant.*

America's Health Insurance Plans; Chamber of Commerce of the United States of America,

*Amici Curiae,*

AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES; THE ARC OF THE UNITED STATES; BREAST CANCER ACTION; FAMILIES USA; FRIENDS OF CANCER RESEARCH; MARCH OF DIMES FOUNDATION; MENTAL HEALTH AMERICA; NATIONAL BREAST CANCER COALITION; NATIONAL ORGANIZATION FOR RARE DISORDERS;

No. 11-1057

NATIONAL PARTNERSHIP FOR WOMEN AND FAMILIES; NATIONAL SENIOR CITIZENS LAW CENTER; NATIONAL WOMEN'S HEALTH NETWORK; THE OVARIAN CANCER NATIONAL ALLIANCE; AMERICAN NURSES ASSOCIATION; AMERICAN ACADEMY OF PEDIATRICS, INCORPORATED; AMERICAN MEDICAL STUDENT ASSOCIATION; CENTER FOR AMERICAN PROGRESS, d/b/a Doctors for America; NATIONAL HISPANIC MEDICAL ASSOCIATION; NATIONAL PHYSICIANS ALLIANCE; CONSTITUTIONAL LAW PROFESSORS; YOUNG INVINCIBLES; KEVIN C. WALSH; AMERICAN CANCER SOCIETY; AMERICAN CANCER SOCIETY CANCER ACTION NETWORK; AMERICAN DIABETES ASSOCIATION; AMERICAN HEART ASSOCIATION; DR. DAVID CUTLER, Deputy, Otto Eckstein Professor of Applied Economics, Harvard University; DR. HENRY AARON, Senior Fellow, Economic Studies, Bruce and Virginia MacLaury Chair, The Brookings Institution; DR. GEORGE AKERLOF, Koshland Professor of Economics, University of California-Berkeley; DR. STUART ALTMAN, Sol C. Chaikin Professor of National Health Policy, Brandeis University;

Dr. Kenneth Arrow, Joan Kenney Professor of Economics and Professor of Operations Research, Stanford University; Dr. Susan Athey, Professor of Economics, Harvard University; Dr. Linda J. Blumberg, Senior Fellow, Urban Institute, Health Policy Center; Dr. Leonard E. Burman, Daniel Patrick Moynihan Professor of Public Affairs, The Maxwell School, Syracuse University; Dr. Amitabh Chandra, Professor of Public Policy, Kennedy School of Government, Harvard University; Dr. Michael Chernew, Professor, Department of Health Care Policy, Harvard Medical School; Dr. Philip Cook, Dr. Philip Cook, ITT/Sanford Professor of Public Policy, Professor of Economics, Duke University;

Dr. Michael T. French, Professor of Health Economics, University of Miami; Dr. Claudia Goldin, Henry Lee Professor of Economics, Harvard University; Dr. Tal Gross, Department of Health Policy and Management, Mailman School of Public Health, Columbia University; Dr. Jonathan Gruber, Professor of Economics, MIT; Dr. Jack Hadley, Associate Dean for Finance and Planning, Professor and Senior Health Services Researcher, College of Health and Human Services, George Mason University; Dr. Vivian Ho, Baker Institute Chair in Health Economics and Professor of Economics, Rice University; Dr. John F. Holahan, Ph.D., Director, Health Policy Research Center, The Urban Institute; Dr. Jill Horwitz, Professor of Law and Co- Director of the Program in Law & Economics, University of Michigan School of Law; Dr. Lawrence Katz, Elisabeth Allen Professor of Economics, Harvard University;

DR. GENEVIEVE KENNEY, Senior Fellow, The Urban Institute; DR. FRANK LEVY, Rose Professor of Urban Economics, Department of Urban Studies and Planning, MIT; DR. PETER LINDERT, Distinguished Research Professor of Economics, University of California, Davis; DR. ERIC MASKIN, Albert O. Hirschman Professor of Social Science at the Institute for Advanced Study, Princeton University; DR. ALAN C. MONHEIT, Professor of Health Economics, School of Public Health, University of Medicine & Dentistry of New Jersey; DR. MARILYN MOON, Vice President and Director Health Program, American Institutes for Research; DR. RICHARD J. MURNANE, Thompson Professor of Education and Society, Harvard University; DR. JOSEPH P. NEWHOUSE, John D. MacArthur Professor of Health Policy and Management, Harvard University; DR. LEN M. NICHOLS, George Mason University;

DR. HAROLD POLLACK, Helen Ross Professor of Social Service Administration, University of Chicago; DR. MATTHEW RABIN, Edward G. and Nancy S. Jordan Professor of Economics, University of California-Berkeley; DR. JAMES B. REBITZER, Professor of Economics, Management, and Public Policy, Boston University School of Management; DR. MICHAEL REICH, Professor of Economics, University of California at Berkeley; DR. THOMAS RICE, Professor, UCLA School of Public Health; DR. MEREDITH ROSENTHAL, Department of Health Policy and Management, Harvard School of Public Health; DR. CHRISTOPHER RUHM, Professor of Public Policy and Economics, University of Virginia; DR. JONATHAN SKINNER, Professor of Economics, Dartmouth College, and Professor of Community and Family Medicine, Dartmouth Medical School;

DR. KATHERINE SWARTZ, Professor, Department of Health Policy and Management, Harvard School of Public Health; DR. KENNETH WARNER, Dean of the School of Public Health and Avedis Donabedian Distinguished University Professor of Public Health, University of Michigan; DR. PAUL N. VAN DE WATER, Senior Fellow, Center on Budget and Policy Priorities; DR. STEPHEN ZUCKERMAN, Senior Fellow, The Urban Institute; JANET COOPER ALEXANDER, Frederick I. Richman Professor of Law, Stanford Law School; ERWIN CHEMERINSKY, Founding Dean, University of California-Irvine School of Law; AMANDA FROST, Professor of Law, American University Washington College of Law; ANDY HESSICK, Associate Professor of Law, Arizona State University Sandra Day O'Connor College of Law; A.E. DICK HOWARD, White Burkett Miller Professor of Law and Public Affairs, University of Virginia School of Law;

JOHN CALVIN JEFFRIES, JR., David and Mary Harrison Distinguished Professor of Law, University of Virginia School of Law; JOHANNA KALB, Assistant Professor, Loyola University New Orleans College of Law; LUMEN N. MULLIGAN, Professor of Law, University of Kansas School of Law; EDWARD A. PURCELL, JR., Joseph Solomon Distinguished Professor of Law, New York Law School; CAPRICE L. ROBERTS, Professor, Visiting Professor, Catholic University Columbus School of Law; Professor of Law, University of West Virginia School of Law; STEPHEN I. VLADECK, Professor of Law, American University Washington College of Law; HOWARD M. WASSERMAN, Associate Professor, FIU College of Law; AARP; COMMONWEALTH OF MASSACHUSETTS; THE NATIONAL WOMEN'S LAW CENTER; AMERICAN ASSOCIATION OF UNIVERSITY WOMEN;

AMERICAN COLLEGE OF NURSE -
MIDWIVES; AMERICAN
FEDERATION OF STATE, COUNTY, AND
MUNICIPAL EMPLOYEES; AMERICAN
MEDICAL WOMEN'S ASSOCIATION;
THE ASIAN AMERICAN JUSTICE
CENTER; ASIAN & PACIFIC ISLANDER
AMERICAN HEALTH FORUM; THE
ASIAN PACIFIC AMERICAN LEGAL
CENTER; THE BLACK WOMENS
HEALTH IMPERATIVE; THE COALITION
OF LABOR UNION WOMEN;
CHILDBIRTH CONNECTION; THE
CONNECTICUT WOMEN'S
EDUCATION AND LEGAL FUND; THE
FEMINIST MAJORITY FOUNDATION;
IBIS REPRODUCTIVE HEALTH;
INSTITUTE OF SCIENCE AND HUMAN
VALUES; MARYLAND WOMEN'S
COALITION FOR HEALTH CARE
REFORM; MENTAL HEALTH AMERICA;
NATIONAL ASIAN PACIFIC AMERICAN
WOMEN'S FORUM; NATIONAL
ASSOCIATION OF SOCIAL WORKERS;
NATIONAL COALITION FOR LGBT
HEALTH; NATIONAL COUNCIL OF
JEWISH WOMEN; NATIONAL
COUNCIL OF WOMEN'S
ORGANIZATIONS;

National Latina Institute for Reproductive Health; The National Research Center for Women & Families; Older Women's League; Physicians for Reproductive Choice and Health; Raising Women's Voices; Sargent Shriver National Center on Poverty Law; Southwest Women's Law Center; Wider Opportunities for Women; The Womens Law Center of Maryland, Incorporated; Womens Law Project; Virginia Organizing; American Hospital Association; Association of American Medical Colleges; Catholic Health Association of the United States; Federation of American Hospitals; National Association of Children's Hospitals; National Association of Public Hospitals and Health Systems; Constitutional Accountability Center; Matthew H. Adler, Leon Meltzer Professor of Law, University of Pennsylvania Law School; Rebecca L. Brown, Newton Professor of Constitutional Law, University of Southern California Gould School of Law;

Jesse Herbert Choper, Earl Warren Professor of Public Law, University of California, Berkeley, School of Law; Michael C. Dorf, Robert S. Stevens Professor of Law, Cornell University Law School; Daniel Farber, Sho Sato Professor of Law, University of California, Berkeley, School of Law; Barry Friedman, Jacob D. Fuchsberg Professor of Law, New York University School of Law; William P. Marshall, Kenan Professor of Law, University of North Carolina School of Law; Gene Nichol, Professor of Law, Director, Center on Poverty, Work & Opportunity, University of North Carolina School of Law; William J. Novak, Professor of Law, The University of Michigan Law School; Richard H. Pildes, Sudler Family Professor of Constitutional Law, Co-Director, Center on Law and Security, New York University School of Law;

RICHARD A. PRIMUS, Professor of Law, The University of Michigan Law School; JUDITH RESNIK, Arthur Liman Professor of Law, Yale Law School; THEODORE W. RUGAR, Professor of Law, University of Pennsylvania Law School; ROBERT A. SCHAPIRO, Professor of Law, Emory University School of Law; DAVID L. SHAPIRO, William Nelson Cromwell Professor, Emeritus, Harvard Law School; SUZANNA SHERRY, Herman O. Loewenstein Professor of Law, Vanderbilt University Law School; NEIL S. SIEGEL, Professor of Law and Political Science, Duke University School of Law; PETER J. SMITH, Professor of Law, George Washington University Law School; ADAM WINKLER, Professor of Law, UCLA School of Law; STATE OF CALIFORNIA; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF IOWA; STATE OF MARYLAND; STATE OF NEW YORK;

State of Oregon; State of Vermont; Christine Gregoire, Governor of Washington; Service Employees International Union; Change to Win,

*Amici Supporting Appellant,*

The American Center for Law and Justice; Paul Broun, United States Representative; Robert Aderholt, United States Representative; Todd Akin, United States Representative; Michele Bachmann, United States Representative; Spencer Bachus, United States Representative; Roscoe Bartlett, United States Representative; Rob Bishop, United States Representative; John Boehner, United States Representative; Larry Bucshon, United States Representative; Dan Burton, United States Representative; Francisco "Quico" Canseco, United States Representative; Eric Cantor, United States Representative; Steve Chabot, United States Representative; Mike Conaway, United States Representative; Blake Farenthold, United States Representative; John Fleming, United States Representative;

BILL FLORES, United States
Representative; RANDY FORBES,
United States Representative;
VIRGINIA FOXX, United States
Representative; TRENT FRANKS,
United States Representative;
SCOTT GARRETT, United States
Representative; LOUIE GOHMERT,
United States Representative;
RALPH HALL, United States
Representative; TIM HUELSKAMP,
United States Representative; BILL
JOHNSON, United States
Representative; WALTER JONES,
United States Representative; MIKE
KELLY, United States
Representative; STEVE KING,
United States Representative; JACK
KINGSTON, United States
Representative; JOHN KLINE,
United States Representative;
DOUG LAMBORN, United States
Representative; JEFF LANDRY,
United States Representative;
JAMES LANKFORD, United States
Representative; ROBERT LATTA,
United States Representative;
DONALD MANZULLO, United States
Representative;

THADDEUS MCCOTTER, United States Representative; CATHY MCMORRIS RODGERS, United States Representative; GARY MILLER, United States Representative; JEFF MILLER, United States Representative; RANDY NEUGEBAUER, United States Representative; STEVE PEARCE, United States Representative; MIKE PENCE, United States Representative; JOE PITTS, United States Representative; MIKE POMPEO, United States Representative; SCOTT RIGELL, United States Representative; PHIL ROE, United States Representative; ED ROYCE, United States Representative; LAMAR SMITH, United States Representative; TIM WALBERG, United States Representative; THE CONSTITUTIONAL COMMITTEE TO CHALLENGE THE PRESIDENT & CONGRESS ON HEALTH CARE; MATTHEW SISSEL; PACIFIC LEGAL FOUNDATION; AMERICANS FOR FREE CHOICE IN MEDICINE;

AMERICAN PHYSICIANS AND
SURGEONS, INCORPORATED; JANIS
CHESTER, MD; MARK J. HAUSER,
MD; GUENTER L. SPANKNEBEL, MD;
GRAHAM L. SPRUIELL, MD;
WASHINGTON LEGAL FOUNDATION;
CONSTITUTIONAL LAW SCHOLARS;
CATO INSTITUTE; COMPETITIVE
ENTERPRISE INSTITUTE; RANDY E.
BARNETT, Professor; JUSTICE AND
FREEDOM FUND; KURT ALLEN
ROHLFS; MOUNTAIN STATES LEGAL
FOUNDATION; LANDMARK LEGAL
FOUNDATION; BOB MARSHALL,
Virginia Delegate; GUN OWNERS OF
AMERICA, INCORPORATED; GUN
OWNERS FOUNDATION; AMERICAN
LIFE LEAGUE, INCORPORATED;
INSTITUTE ON THE CONSTITUTION;
THE LINCOLN INSTITUTE FOR
RESEARCH AND EDUCATION; PUBLIC
ADVOCATE OF THE UNITED STATES;
CONSERVATIVE LEGAL DEFENSE AND
EDUCATION FUND; THE LIBERTY
COMMITTEE; DOWNSIZE DC
FOUNDATION; DOWNSIZEDC.ORG;

Policy Analysis Center; Family Research Council; William Barr, Former United States Attorney General; Edwin Meese, III, Former United States Attorney General; Dick Thornburgh, Former United States Attorney General; Center for Constitutional Jurisprudence; American Civil Rights Union; Physician Hospitals of America; Toussaint Tyson,

*Amici Supporting Appellee.*

COMMONWEALTH OF VIRGINIA ex rel.
KENNETH T. CUCCINELLI, II, in his
official capacity as Attorney
General of Virginia,

*Plaintiff-Appellant,*

v.

KATHLEEN SEBELIUS, Secretary of
the Department of Health and
Human Services, in her official
capacity,

*Defendant-Appellee.*

AMERICA'S HEALTH INSURANCE                    No. 11-1058
PLANS; CHAMBER OF
COMMERCE OF THE UNITED
STATES OF AMERICA,

*Amici Curiae,*

AMERICAN ASSOCIATION OF PEOPLE
WITH DISABILITIES; THE ARC OF THE
UNITED STATES; BREAST CANCER
ACTION; FAMILIES USA; FRIENDS OF
CANCER RESEARCH; MARCH OF
DIMES FOUNDATION; MENTAL
HEALTH AMERICA; NATIONAL
BREAST CANCER COALITION;
NATIONAL ORGANIZATION FOR RARE
DISORDERS;

NATIONAL PARTNERSHIP FOR WOMEN AND FAMILIES; NATIONAL SENIOR CITIZENS LAW CENTER; NATIONAL WOMEN'S HEALTH NETWORK; THE OVARIAN CANCER NATIONAL ALLIANCE; AMERICAN NURSES ASSOCIATION; AMERICAN ACADEMY OF PEDIATRICS, INCORPORATED; AMERICAN MEDICAL STUDENT ASSOCIATION; CENTER FOR AMERICAN PROGRESS, d/b/a Doctors for America; NATIONAL HISPANIC MEDICAL ASSOCIATION; NATIONAL PHYSICIANS ALLIANCE; CONSTITUTIONAL LAW PROFESSORS; YOUNG INVINCIBLES; KEVIN C. WALSH; AMERICAN CANCER SOCIETY; AMERICAN CANCER SOCIETY CANCER ACTION NETWORK; AMERICAN DIABETES ASSOCIATION; AMERICAN HEART ASSOCIATION; DR. DAVID CUTLER, Deputy, Otto Eckstein Professor of Applied Economics, Harvard University; DR. HENRY AARON, Senior Fellow, Economic Studies, Bruce and Virginia MacLaury Chair, The Brookings Institution; DR. GEORGE AKERLOF, Koshland Professor of Economics, University of California-Berkeley;

DR. STUART ALTMAN, Sol C. Chaikin Professor of National Health Policy, Brandeis University; DR. KENNETH ARROW, Joan Kenney Professor of Economics and Professor of Operations Research, Stanford University; DR. SUSAN ATHEY, Professor of Economics, Harvard University; DR. LINDA J. BLUMBERG, Senior Fellow, Urban Institute, Health Policy Center; DR. LEONARD E. BURMAN, Daniel Patrick Moynihan Professor of Public Affairs, The Maxwell School, Syracuse University; DR. AMITABH CHANDRA, Professor of Public Policy, Kennedy School of Government, Harvard University; DR. MICHAEL CHERNEW, Professor, Department of Health Care Policy, Harvard Medical School; DR. PHILIP COOK, Dr. Philip Cook, ITT/Sanford Professor of Public Policy, Professor of Economics, Duke University;

DR. MICHAEL T. FRENCH, Professor of Health Economics, University of Miami; DR. CLAUDIA GOLDIN, Henry Lee Professor of Economics, Harvard University; DR. TAL GROSS, Department of Health Policy and Management, Mailman School of Public Health, Columbia University; DR. JONATHAN GRUBER, Professor of Economics, MIT; DR. JACK HADLEY, Associate Dean for Finance and Planning, Professor and Senior Health Services Researcher, College of Health and Human Services, George Mason University; DR. VIVIAN HO, Baker Institute Chair in Health Economics and Professor of Economics, Rice University; DR. JOHN F. HOLAHAN, Ph.D., Director, Health Policy Research Center, The Urban Institute; DR. JILL HORWITZ, Professor of Law and Co- Director of the Program in Law & Economics, University of Michigan School of Law; DR. LAWRENCE KATZ, Elisabeth Allen Professor of Economics, Harvard University;

DR. GENEVIEVE KENNEY, Senior Fellow, The Urban Institute; DR. FRANK LEVY, Rose Professor of Urban Economics, Department of Urban Studies and Planning, MIT; DR. PETER LINDERT, Distinguished Research Professor of Economics, University of California, Davis; DR. ERIC MASKIN, Albert O. Hirschman Professor of Social Science at the Institute for Advanced Study, Princeton University; DR. ALAN C. MONHEIT, Professor of Health Economics, School of Public Health, University of Medicine & Dentistry of New Jersey; DR. MARILYN MOON, Vice President and Director Health Program, American Institutes for Research; DR. RICHARD J. MURNANE, Thompson Professor of Education and Society, Harvard University; DR. JOSEPH P. NEWHOUSE, John D. MacArthur Professor of Health Policy and Management, Harvard University; DR. LEN M. NICHOLS, George Mason University;

DR. HAROLD POLLACK, Helen Ross Professor of Social Service Administration, University of Chicago; DR. MATTHEW RABIN, Edward G. and Nancy S. Jordan Professor of Economics, University of California-Berkeley; DR. JAMES B. REBITZER, Professor of Economics, Management, and Public Policy, Boston University School of Management; DR. MICHAEL REICH, Professor of Economics, University of California at Berkeley; DR. THOMAS RICE, Professor, UCLA School of Public Health; DR. MEREDITH ROSENTHAL, Department of Health Policy and Management, Harvard School of Public Health; DR. CHRISTOPHER RUHM, Professor of Public Policy and Economics, University of Virginia; DR. JONATHAN SKINNER, Professor of Economics, Dartmouth College, and Professor of Community and Family Medicine, Dartmouth Medical School;

DR. KATHERINE SWARTZ, Professor, Department of Health Policy and Management, Harvard School of Public Health; DR. KENNETH WARNER, Dean of the School of Public Health and Avedis Donabedian Distinguished University Professor of Public Health, University of Michigan; DR. PAUL N. VAN DE WATER, Senior Fellow, Center on Budget and Policy Priorities; DR. STEPHEN ZUCKERMAN, Senior Fellow, The Urban Institute; JANET COOPER ALEXANDER, Frederick I. Richman Professor of Law, Stanford Law School; ERWIN CHEMERINSKY, Founding Dean, University of California-Irvine School of Law; AMANDA FROST, Professor of Law, American University Washington College of Law; ANDY HESSICK, Associate Professor of Law, Arizona State University Sandra Day O'Connor College of Law; A.E. DICK HOWARD, White Burkett Miller Professor of Law and Public Affairs, University of Virginia School of Law;

JOHN CALVIN JEFFRIES, JR., David and Mary Harrison Distinguished Professor of Law, University of Virginia School of Law; JOHANNA KALB, Assistant Professor, Loyola University New Orleans College of Law; LUMEN N. MULLIGAN, Professor of Law, University of Kansas School of Law; EDWARD A. PURCELL, JR., Joseph Solomon Distinguished Professor of Law, New York Law School; CAPRICE L. ROBERTS, Professor, Visiting Professor, Catholic University Columbus School of Law; Professor of Law, University of West Virginia School of Law; STEPHEN I. VLADECK, Professor of Law, American University Washington College of Law; HOWARD M. WASSERMAN, Associate Professor, FIU College of Law; AARP; COMMONWEALTH OF MASSACHUSETTS; THE NATIONAL WOMEN'S LAW CENTER; AMERICAN ASSOCIATION OF UNIVERSITY WOMEN;

AMERICAN COLLEGE OF NURSE - MIDWIVES; AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES; AMERICAN MEDICAL WOMEN'S ASSOCIATION; THE ASIAN AMERICAN JUSTICE CENTER; ASIAN & PACIFIC ISLANDER AMERICAN HEALTH FORUM; THE ASIAN PACIFIC AMERICAN LEGAL CENTER; THE BLACK WOMENS HEALTH IMPERATIVE; THE COALITION OF LABOR UNION WOMEN; CHILDBIRTH CONNECTION; THE CONNECTICUT WOMEN'S EDUCATION AND LEGAL FUND; THE FEMINIST MAJORITY FOUNDATION; IBIS REPRODUCTIVE HEALTH; INSTITUTE OF SCIENCE AND HUMAN VALUES; MARYLAND WOMEN'S COALITION FOR HEALTH CARE REFORM; MENTAL HEALTH AMERICA; NATIONAL ASIAN PACIFIC AMERICAN WOMEN'S FORUM; NATIONAL ASSOCIATION OF SOCIAL WORKERS; NATIONAL COALITION FOR LGBT HEALTH; NATIONAL COUNCIL OF JEWISH WOMEN; NATIONAL COUNCIL OF WOMEN'S ORGANIZATIONS;

National Latina Institute for Reproductive Health; The National Research Center for Women & Families; Older Women's League; Physicians for Reproductive Choice and Health; Raising Women's Voices; Sargent Shriver National Center on Poverty Law; Southwest Women's Law Center; Wider Opportunities for Women; The Womens Law Center of Maryland, Incorporated; Womens Law Project; Virginia Organizing; American Hospital Association; Association of American Medical Colleges; Catholic Health Association of the United States; Federation of American Hospitals; National Association of Children's Hospitals; National Association of Public Hospitals and Health Systems; Constitutional Accountability Center; Matthew H. Adler, Leon Meltzer Professor of Law, University of Pennsylvania Law School; Rebecca L. Brown, Newton Professor of Constitutional Law, University of Southern California Gould School of Law;

JESSE HERBERT CHOPER, Earl
Warren Professor of Public Law,
University of California, Berkeley,
School of Law; MICHAEL C. DORF,
Robert S. Stevens Professor of
Law, Cornell University Law
School; DANIEL FARBER, Sho Sato
Professor of Law, University of
California, Berkeley, School of
Law; BARRY FRIEDMAN, Jacob D.
Fuchsberg Professor of Law, New
York University School of Law;
WILLIAM P. MARSHALL, Kenan
Professor of Law, University of
North Carolina School of Law;
GENE NICHOL, Professor of Law,
Director, Center on Poverty, Work
& Opportunity, University of
North Carolina School of Law;
WILLIAM J. NOVAK, Professor of
Law, The University of Michigan
Law School; RICHARD H. PILDES,
Sudler Family Professor of
Constitutional Law, Co-Director,
Center on Law and Security, New
York University School of Law;

RICHARD A. PRIMUS, Professor of Law, The University of Michigan Law School; JUDITH RESNIK, Arthur Liman Professor of Law, Yale Law School; THEODORE W. RUGAR, Professor of Law, University of Pennsylvania Law School; ROBERT A. SCHAPIRO, Professor of Law, Emory University School of Law; DAVID L. SHAPIRO, William Nelson Cromwell Professor, Emeritus, Harvard Law School; SUZANNA SHERRY, Herman O. Loewenstein Professor of Law, Vanderbilt University Law School; NEIL S. SIEGEL, Professor of Law and Political Science, Duke University School of Law; PETER J. SMITH, Professor of Law, George Washington University Law School; ADAM WINKLER, Professor of Law, UCLA School of Law; STATE OF CALIFORNIA; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF IOWA; STATE OF MARYLAND; STATE OF NEW YORK;

STATE OF OREGON; STATE OF
VERMONT; CHRISTINE GREGOIRE,
Governor of Washington; SERVICE
EMPLOYEES INTERNATIONAL UNION;
CHANGE TO WIN,

*Amici Supporting Appellee,*

THE AMERICAN CENTER FOR
LAW AND JUSTICE; PAUL BROUN,
UNITED STATES REPRESENTATIVE;
ROBERT ADERHOLT, United States
Representative; TODD AKIN, United
States Representative; MICHELE
BACHMANN, United States
Representative; SPENCER BACHUS,
United States Representative;
ROSCOE BARTLETT, United States
Representative; ROB BISHOP,
United States Representative; JOHN
BOEHNER, United States
Representative; LARRY BUCSHON,
United States Representative; DAN
BURTON, United States
Representative; FRANCISCO "QUICO"
CANSECO, United States
Representative; ERIC CANTOR,
United States Representative;
STEVE CHABOT, United States
Representative; MIKE CONAWAY,
United States Representative;
BLAKE FARENTHOLD, United States
Representative; JOHN FLEMING,
United States Representative;

BILL FLORES, United States Representative; RANDY FORBES, United States Representative; VIRGINIA FOXX, United States Representative; TRENT FRANKS, United States Representative; SCOTT GARRETT, United States Representative; LOUIE GOHMERT, United States Representative; RALPH HALL, United States Representative; TIM HUELSKAMP, United States Representative; BILL JOHNSON, United States Representative; WALTER JONES, United States Representative; MIKE KELLY, United States Representative; STEVE KING, United States Representative; JACK KINGSTON, United States Representative; JOHN KLINE, United States Representative; DOUG LAMBORN, United States Representative; JEFF LANDRY, United States Representative; JAMES LANKFORD, United States Representative; ROBERT LATTA, United States Representative; DONALD MANZULLO, United States Representative;

THADDEUS MCCOTTER, United States Representative; CATHY MCMORRIS RODGERS, United States Representative; GARY MILLER, United States Representative; JEFF MILLER, United States Representative; RANDY NEUGEBAUER, United States Representative; STEVE PEARCE, United States Representative; MIKE PENCE, United States Representative; JOE PITTS, United States Representative; MIKE POMPEO, United States Representative; SCOTT RIGELL, United States Representative; PHIL ROE, United States Representative; ED ROYCE, United States Representative; LAMAR SMITH, United States Representative; TIM WALBERG, United States Representative; THE CONSTITUTIONAL COMMITTEE TO CHALLENGE THE PRESIDENT & CONGRESS ON HEALTH CARE; MATTHEW SISSEL; PACIFIC LEGAL FOUNDATION; AMERICANS FOR FREE CHOICE IN MEDICINE;

AMERICAN PHYSICIANS AND
SURGEONS, INCORPORATED; JANIS
CHESTER, MD; MARK J. HAUSER,
MD; GUENTER L. SPANKNEBEL, MD;
GRAHAM L. SPRUIELL, MD;
WASHINGTON LEGAL FOUNDATION;
CONSTITUTIONAL LAW SCHOLARS;
CATO INSTITUTE; COMPETITIVE
ENTERPRISE INSTITUTE; RANDY E.
BARNETT, Professor; JUSTICE AND
FREEDOM FUND; KURT ALLEN
ROHLFS; MOUNTAIN STATES LEGAL
FOUNDATION; LANDMARK LEGAL
FOUNDATION; BOB MARSHALL,
Virginia Delegate; GUN OWNERS OF
AMERICA, INCORPORATED; GUN
OWNERS FOUNDATION; AMERICAN
LIFE LEAGUE, INCORPORATED;
INSTITUTE ON THE CONSTITUTION;
THE LINCOLN INSTITUTE FOR
RESEARCH AND EDUCATION; PUBLIC
ADVOCATE OF THE UNITED STATES;
CONSERVATIVE LEGAL DEFENSE AND
EDUCATION FUND; THE LIBERTY
COMMITTEE; DOWNSIZE DC
FOUNDATION; DOWNSIZEDC.ORG;

Policy Analysis Center; Family
Research Council; William Barr,
Former United States Attorney
General; Edwin Meese, III, Former
United States Attorney General;
Dick Thornburgh, Former United
States Attorney General;
Center for Constitutional
Jurisprudence; American Civil
Rights Union; Physician
Hospitals of America; Toussaint
Tyson,

     *Amici Supporting Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(3:10-cv-00188-HEH)

Argued: May 10, 2011

Decided: September 8, 2011

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

Vacated and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge Davis and Judge Wynn
joined.

# COUNSEL

**ARGUED:** Neal Kumar Katyal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant/Cross-Appellee. Earle Duncan Getchell, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee/Cross-Appellant. **ON BRIEF:** Tony West, Assistant Attorney General, Beth S. Brinkmann, Deputy Assistant Attorney General, Mark B. Stern, Alisa B. Klein, Anisha S. Dasgupta, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellant/Cross-Appellee. Kenneth T. Cuccinelli, II, Attorney General of Virginia, Stephen R. McCullough, Senior Appellate Counsel, Charles E. James, Jr., Chief Deputy Attorney General, Wesley G. Russell, Jr., Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee/Cross-Appellant. Joseph Miller, Julie Simon Miller, AMERICA'S HEALTH INSURANCE PLANS, Washington, D.C.; Seth P. Waxman, Randolph D. Moss, Catherine M. A. Carroll, Madhu Chugh, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C., for American's Health Insurance Plans, Amicus Curiae. Robin S. Conrad, Shane B. Kawka, NATIONAL CHAMBER LITIGATION CENTER, INC., Washington, D.C.; K. Lee Blalack, II, Brian Boyle, Joshua Deahl, O'MELVENY & MYERS LLP, Washington, D.C., for Chamber of Commerce of the United States of America, Amicus Curiae. Rochelle Bobroff, Simon Lazarus, NATIONAL SENIOR CITIZENS LAW CENTER, Washington, D.C., for American Association of People with Disabilities, The ARC of the United States, Breast Cancer Action, Families USA, Friends of Cancer Research, March of Dimes Foundation, Mental Health America, National Breast Cancer Coalition, National Organization for Rare Disorders, National Partnership for Women and Families, National Senior Citizens Law Center, National Women's Health Network, and The Ovarian Cancer National Alliance, Amici Supporting

Appellant/Cross-Appellee. Ian Millhiser, CENTER FOR AMERICAN PROGRESS, Washington, D.C., for American Nurses Association, American Academy of Pediatrics, Incorporated, American Medical Student Association, Center for American Progress, d/b/a Doctors for America, National Hispanic Medical Association, and National Physicians Alliance, Amici Supporting Appellant/Cross-Appellee. Gillian E. Metzger, Trevor W. Morrison, New York, New York; Andrew J. Pincus, Charles A. Rothfeld, Paul W. Hughes, Michael B. Kimberly, MAYER BROWN LLP, Washington, D.C., for Constitutional Law Professors, Amici Supporting Appellant/Cross-Appellee. Brett A. Walter, BAACH ROBINSON & LEWIS PLLC, Washington, D.C., for Young Invincibles, Amicus Supporting Appellant/Cross-Appellee. Kevin C. Walsh, UNIVERSITY OF RICHMOND SCHOOL OF LAW, Richmond, Virginia, for Kevin C. Walsh, Amicus Supporting Appellant/Cross-Appellee. Mary P. Rouvelas, Senior Counsel, AMERICAN CANCER SOCIETY, Washington, D.C.; John Longstreth, Molly Suda, K&L GATES LLP, Washington, D.C., for American Cancer Society, American Cancer Society Cancer Action Network, American Diabetes Association, and American Heart Association, Amici Supporting Appellant/Cross-Appellee. Richard L. Rosen, ARNOLD & PORTER LLP, Washington, D.C., for Economic Scholars, Amici Supporting Appellant/Cross-Appellee. Stephen I. Vladeck, Washington, D.C.; F. Paul Bland, Jr., CHAVEZ & GERTLER, Washington, D.C., for Professors of Federal Jurisdiction, Amici Supporting Appellant/Cross-Appellee. Stuart R. Cohen, Stacy Canan, AARP FOUNDATION LITIGATION; Michael Schuster, AARP, Washington, D.C., for AARP, Amicus Supporting Appellant/Cross-Appellee. Martha Coakley, Attorney General of Massachusetts, Frederick D. Augenstern, Assistant Attorney General, Thomas M. O'Brien, Assistant Attorney General, Daniel J. Hammond, Assistant Attorney General, Boston, Massachusetts, for Commonwealth of Massachusetts, Amicus Supporting Appellant/Cross-

Appellee. Marcia D. Greenberger, Emily J. Martin, Judith G. Waxman, Lisa Codispoti, NATIONAL WOMEN'S LAW CENTER; Melissa Hart, UNIVERSITY OF COLORADO LAW SCHOOL, Boulder, Colorado, for National Women's Law Center, American Association of University Women, American College of Nurse-Midwives, Amerian Federation of State, County and Municipal Employees, American Medical Women's Association, The Asian American Justice Center, Asian & Pacific Islander American Health Forum; The Asian Pacific American Legal Center, Black Women's Health Imperative, The Coalition of Labor Union Women, Childbirth Connection, The Connecticut Women's Education and Legal Fund, The Feminist Majority Foundation, Ibis Reproductive Health, Institute of Science and Human Values, Maryland Women's Coalition for Health Care Reform, Mental Health America, National Asian Pacific American Women's Forum, National Association of Social Workers, National Coalition for LGBT Health, National Council of Jewish Women, National Council of Women's Organizations, National Latina Institute for Reproductive Health, The National Research Center for Women & Families, Older Women's League, Physicians for Reproductive Choice and Health, Raising Women's Voices, Sargent Shriver National Center on Poverty Law, Southwest Women's Law Center, Wider Opportunities for Women, The Women's Law Center of Maryland, Incorporated, and Women's Law Project, Amici Supporting Appellant/Cross-Appellee. Thomas D. Domonoske, Harrisonburg, Virginia, for Virginia Organizing, Amicus Supporting Appellant/Cross-Appellee. Sheree R. Kanner, Catherine E. Stetson, Dominic F. Perella, Michael D. Kass, Sara A. Kraner, HOGAN LOVELLS US LLP, Washington, D.C.; Melinda Reid Hatton, Maureen D. Mudron, AMERICAN HOSPITAL ASSOCIATION, Washington, D.C.; Ivy Baer, Karen Fisher, ASSOCIATION OF AMERICAN MEDICAL COLLEGES, Washington, D.C.; Jeffrey G. Micklos, FEDERATION OF AMERICAN HOSPITALS, Washington, D.C.; Larry S. Gage, President, NATIONAL ASSOCIATION OF PUBLIC HOSPITALS AND HEALTH SYSTEMS, Washington, D.C.;

Lisa Gilden, Vice President, General Counsel/Compliance Officer, THE CATHOLIC HEALTH ASSOCIATION OF THE UNITED STATES, Washington, D.C.; Lawrence A. McAndrews, President and Chief Executive Officer, NATIONAL ASSOCIATION OF CHILDREN'S HOSPI-TALS, Alexandria, Virginia, for American Hospital Associa-tion, Association of American Medical Colleges, Catholic Health Association of the United States, Federation of Ameri-can Hospitals, National Association of Children's Hospitals, and National Association Of Public Hospitals And Health Systems, Amici Supporting Appellant/Cross-Appellee. Eliza-beth B. Wydra, Douglas T. Kendall, CONSTITUTIONAL ACCOUNTABILITY CENTER, Washington, D.C., for Con-stitutional Accountability Center, Amicus Supporting Appellant/Cross-Appellee. Barry Friedman, New York, New York; Jeffrey A. Lamken, Robert K. Kry, Martin V. Totaro, Lucas M. Walker, Washington, D.C., for Law Professors, Amici Supporting Appellant/Cross-Appellee. Kamala D. Har-ris, Attorney General of California, Manuel M. Medeiros, State Solicitor General, Travis LeBlanc, Special Assistant Attorney General, Daniel J. Powell, Deputy Attorney General, San Francisco, California; Douglas F. Gansler, Attorney Gen-eral of Maryland, William F. Brockman, Deputy Solicitor General, Joshua N. Auerbach, Assistant Attorney General, Baltimore, Maryland; George C. Jespen, Attorney General of Connecticut, Hartford, Connecticut; Joseph R. Biden, III, Attorney General of Delaware, Wilmington, Delaware; David M. Louie, Attorney General of Hawaii, Honolulu, Hawaii; Tom Miller, Attorney General of Iowa, Des Moines, Iowa; Eric T. Schneiderman, Attorney General of New York, New York, New York; John R. Kroger, Attorney General of Ore-gon, Salem, Oregon; William H. Sorrell, Attorney General of Vermont, Montpelier, Vermont, for States of California, Con-necticut, Delaware, Hawaii, Iowa, Maryland, New York, Ore-gon, and Vermont, Amici Supporting Appellant/Cross-Appellee. Adam Berger, Kristin Houser, Rebecca J. Roe, Wil-liam Rutzick, SCHROETER, GOLDMARK & BENDER, Seattle, Washington, for Christine O. Gregoire, Governor of

Washington, Amicus Supporting Appellant/Cross-Appellee. Jonathan Weissglass, Jennifer Sung, P. Casey Pitts, ALTSHULER BERZON LLP, San Francisco, California, for Service Employees International Union and Change to Win; Judith A. Scott, Walter Kamiat, Mark Schneider, Ariel Zev Weisbard, SERVICE EMPLOYEES INTERNATIONAL UNION, Washington, D.C., Service Employees International Union; Patrick J. Szymanski, CHANGE TO WIN, Washington, D.C., for Change to Win, Amici Supporting Appellant/Cross-Appellee. Jay Alan Sekulow, Stuart J. Roth, Colby M. May, AMERICAN CENTER FOR LAW & JUSTICE, Washington, D.C.; John P. Tuskey, Laura B. Hernandez, AMERICAN CENTER FOR LAW & JUSTICE, Virginia Beach, Virginia, for The American Center for Law & Justice, Forty-Nine Members of the United States House of Representatives, and the Constitutional Committee to Challenge the President & Congress on Health Care, Amici Supporting Appellee/Cross-Appellant. Robert Luther III, KNICELY & ASSOCIATES, PC, Williamsburg, Virginia; Timothy Sandefur, Luke Wake, PACIFIC LEGAL FOUNDATION, Sacramento, California, for Matthew Sissel, Pacific Legal Foundation, and Americans for Free Choice in Medicine, Amici Supporting Appellee/Cross-Appellant. David P. Felsher, New York, New York; Andrew L. Schlafly, Far Hills, New Jersey, for American Physicians and Surgeons, Incorporated, Janis Chester, M.D., Mark J. Hauser, M.D., Guenter L. Spanknebel, M.D., and Graham L. Spruiell, M.D., Amici Supporting Appellee/Cross-Appellant. Ilya Somin, GEORGE MASON UNIVERSITY SCHOOL OF LAW, Arlington, Virginia; Daniel J. Popeo, Cory L. Andrews, WASHINGTON LEGAL FOUNDATION, Washington, D.C., for Washington Legal Foundation and Constitutional Law Scholars, Amici Supporting Appellee/Cross-Appellant. Robert A. Levy, Ilya Shapiro, David H. Rittgers, CATO INSTITUTE, Washington, D.C.; Patrick M. McSweeney, Powhatan, Virginia; Hans Bader, COMPETITIVE ENTERPRISE INSTITUTE, Washington, D.C., for Cato Institute, Competitive Enterprise Institute, and Randy E. Barnett, Pro-

fessor, Amici Supporting Appellee/Cross-Appellant. Deborah J. Dewart, Swansboro, North Carolina, for Justice and Freedom Fund, Amicus Supporting Appellee/Cross-Appellant. Kurt Rohlfs, CHERNOFF VILHAUER MCCLUNG & STENZEL, Portland, Oregon, for Kurt Allen Rohlfs, Amicus Supporting Appellee/Cross-Appellant. Joel M. Spector, MOUNTAIN STATES LEGAL FOUNDATION, Lakewood, Colorado, for Mountain States Legal Foundation, Amicus Supporting Appellee/Cross-Appellant. Mark R. Levin, Michael J. O'Neill, Matthew C. Forys, LANDMARK LEGAL FOUNDATION, Leesburg, Virginia; Richard P. Hutchison, LANDMARK LEGAL FOUNDATION, Kansas City, Missouri, for Landmark Legal Foundation, Amicus Supporting Appellee/Cross-Appellant. William J. Olson, Herbert W. Titus, John S. Miles, Jeremiah L. Morgan, WILLIAM J. OLSON, PC, Vienna, Virginia, for Bob Marshall, Virginia Delegate, Gun Owners of America, Incorporated, Gun Owners Foundation, American Life League, Incorporated, Institute on the Constitution, The Lincoln Institute for Research and Education, Public Advocate of the United States, Conservative Legal Defense and Education Fund, The Liberty Committee, Downsize DC Foundation, Downsizedc.org, and Policy Analysis Center, Amici Supporting Appellee/Cross-Appellant. Kenneth A. Klukowski, FAMILY RESEARCH COUNCIL, Washington, D.C., for Family Research Council, Amicus Supporting Appellee/Cross-Appellant. Michael A. Carvin, C. Kevin Marshall, JONES DAY, Washington, D.C., for Former United States Attorneys General William Barr, Edwin Meese, III, and Dick Thornburgh, Amici Supporting Appellee/Cross-Appellant. John C. Eastman, Anthony T. Caso, Karen J. Lugo, CHAPMAN UNIVERSITY SCHOOL OF LAW, Orange, California, for Center for Constitutional Jurisprudence, Amicus Supporting Appellee/Cross-Appellant. Peter Ferrara, AMERICAN CIVIL RIGHTS UNION, Easton, Pennsylvania, for American Civil Rights Union, Amicus Supporting Appellee/Cross-Appellant. Scott C. Oostdyk, Robert L. Hodges, H. Carter Redd, Lisa M. Sharp, Matthew D.

Fender, MCGUIREWOODS LLP, Richmond, Virginia, for Physician Hospitals of America, Amicus Supporting Appellee/Cross-Appellant. Toussaint Tyson, Gainesville, Florida, Amicus Supporting Appellee/Cross-Appellant.

---

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

The Commonwealth of Virginia ("Virginia") brings this action against Kathleen Sebelius, the Secretary of the Department of Health and Human Services ("the Secretary"). Virginia challenges one provision of the Patient Protection and Affordable Care Act as an unconstitutional exercise of congressional power. Virginia maintains that the conflict between this provision and a newly-enacted Virginia statute provides it with standing to pursue this action. After finding that this asserted conflict did give Virginia standing to sue, the district court declared the challenged provision unconstitutional. For the reasons that follow, we hold that Virginia, the sole plaintiff here, lacks standing to bring this action. Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss the case for lack of subject-matter jurisdiction.

### I.

In March 2010 Congress enacted the Patient Protection and Affordable Care Act ("the Affordable Care Act" or "the Act"), which seeks to institute comprehensive changes in the health insurance industry. Pub. L. No. 111-148. The provision of the Act challenged here requires, with limited exceptions, that individual taxpayers who fail to "maintain" adequate health insurance coverage pay a "penalty." 26 U.S.C. § 5000A(a)-(b). We describe the Affordable Care Act and this "individual mandate" provision in *Liberty Univ. v. Geithner*, ___ F.3d ___

(4th Cir. 2011). We need not repeat that discussion here. Like the plaintiffs in *Liberty*, Virginia contends that Congress lacked constitutional authority to enact the individual mandate.

This case, however, differs from *Liberty* and every one of the many other cases challenging the Act in a critical respect: the sole provision challenged here—the individual mandate –- imposes no obligations on the sole plaintiff, Virginia. Notwithstanding this fact, Virginia maintains that it has standing to bring this action because the individual mandate allegedly conflicts with a newly-enacted state statute, the Virginia Health Care Freedom Act (VHCFA).

Virginia filed this action on March 23, 2010, the same day that the President signed the Affordable Care Act into law. The Governor of Virginia did not sign the VHFCA into law until the next day. The VHCFA declares, with exceptions not relevant here, that "[n]o resident of this Commonwealth . . . shall be required to obtain or maintain a policy of individual insurance coverage." Va. Code Ann. § 38.2-3430.1:1. It contains no enforcement mechanism.

Because the individual mandate applies only to individual persons, not states, the Secretary moved to dismiss the suit for lack of subject-matter jurisdiction. The Secretary contended that Virginia had not and could not allege any cognizable injury and so was without standing to bring this action. Virginia insisted that it acquired standing from the asserted "collision" between its new statute, the VHCFA, and the individual mandate. Although the district court recognized that the VHCFA was only "declaratory [in] nature," it held that the VHCFA provided Virginia standing. The court then declared the individual mandate unconstitutional, awarding summary judgment to Virginia.

The Secretary appeals, maintaining that Virginia lacks standing to challenge the individual mandate and that, in any

event, the mandate withstands constitutional attack. We review *de novo* the district court's ruling as to standing. *See Benham v. City of Charlotte*, 635 F.3d 129, 134 (4th Cir. 2011). Because we hold that Virginia lacks standing,[1] we cannot reach the question of whether the Constitution authorizes Congress to enact the individual mandate. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

## II.

Article III of the Constitution confers on federal courts the power to resolve only "cases" and "controversies." A federal court may not pronounce on "questions of law arising outside" of such "cases and controversies." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. ___ (2011) (slip op. at 5). To do so "would be inimical to the Constitution's democratic character" and would weaken "the public's confidence in an unelected but restrained Federal Judiciary." *Id.*

The standing doctrine prevents federal courts from transgressing this constitutional limit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Thus, to ensure that there exists the requisite "case" or "controversy," a plaintiff must satisfy the three requirements that combine to form the "irreducible constitutional minimum of standing." *Id.* at 560.

Specifically, a plaintiff must demonstrate that: (1) it has "suffered an injury in fact"; (2) there exists a "causal connection between the injury and the conduct complained of"; and

---

[1] In *Liberty*, we held that the Anti-Injunction Act (AIA) barred two taxpayers from bringing a pre-enforcement action challenging the individual mandate. ___ F.3d at ___. Virginia may well be exempt from the AIA bar. *See South Carolina v. Regan*, 465 U.S. 367, 378 (1984). We do not reach this question, however, because we must dismiss this case for lack of standing. *See Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (noting that "a federal court has leeway to choose among threshold" jurisdictional grounds for dismissing a case (internal quotation omitted)).

(3) a favorable judicial ruling will "likely" redress that injury. *Id.* (internal quotations omitted). The burden rests with the party invoking federal jurisdiction, here Virginia, to "establish[ ] these elements." *Id.* at 561. Only if Virginia meets the burden of establishing standing does the Constitution permit a federal court to address the merits of the arguments presented. *See Steel*, 523 U.S. at 101-02.

Standing here turns on whether Virginia has suffered the necessary "injury in fact." To satisfy that requirement, Virginia must demonstrate that the individual mandate in the Affordable Care Act "inva[des]" its "legally protected interest," in a manner that is both "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560 (internal quotations omitted).

We note at the outset that the individual mandate imposes none of the obligations on Virginia that, in other cases, have provided a state standing to challenge a federal statute. Thus, the individual mandate does not directly burden Virginia, *cf. Bowen v. Public Agencies*, 477 U.S. 41, 50 n.17 (1986), does not commandeer Virginia's enforcement officials, *cf. New York v. United States*, 505 U.S. 144 (1992), and does not threaten Virginia's sovereign territory, *cf. Massachusetts v. EPA*, 549 U.S. 497, 519 (2007). Virginia makes no claim to standing on these bases.

What Virginia maintains is that it has standing to challenge the individual mandate solely because of the asserted conflict between that federal statute and the VHCFA. A state possesses an interest in its "exercise of sovereign power over individuals and entities within the relevant jurisdiction," which "involves the power to create and enforce a legal code." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 601 (1982)). A federal statute that hinders a state's exercise of this sovereign power to "create and enforce a legal code" at least arguably inflicts an injury sufficient to provide a state standing to challenge the federal statute. *See Wyoming*

*v. United States*, 539 F.3d 1236, 1242 (10th Cir. 2008); *see also Diamond v. Charles*, 476 U.S. 54, 62 (1986) (noting in *dicta* that "a State has standing to *defend* the constitutionality of its statute" (emphasis added)). Virginia argues that the individual mandate, in assertedly conflicting with the VHCFA, has caused Virginia this sort of sovereign injury.

The Secretary contends that Virginia's claim is not of the sort recognized in *Wyoming*. Rather, according to the Secretary, Virginia actually seeks to litigate as parens patriae by asserting the rights of its citizens. As the Secretary points out, such a claim would run afoul of the prohibition against states suing the United States on behalf of their citizens. *See Snapp*, 458 U.S. at 610 n.16; *Massachusetts v. Mellon*, 262 U.S. 447, 485-86 (1923). This prohibition rests on the recognition that a state possesses no legitimate interest in protecting its citizens from the government of the United States. *See Mellon*, 262 U.S. at 485-86. With respect to the federal government's relationship to individual citizens, "it is the United States, and not the state, which represents [citizens] as parens patriae." *Id.* at 486. When a state brings a suit seeking to protect individuals from a federal statute, it usurps this sovereign prerogative of the federal government and threatens the "general supremacy of federal law." *Pennsylvania v. Kleppe*, 533 F.2d 668, 677 (D.C. Cir. 1976). A state has no interest in the rights of its individual citizens sufficient to justify such an invasion of federal sovereignty. *See id.* at 677-78 (noting that the "federalism interest" in "avoidance of state inference with the exercise of federal powers" will "predominate and bar" any parens patriae lawsuit against the United States).

Accordingly, the question presented here is whether the purported conflict between the individual mandate and the VHCFA actually inflicts a sovereign injury on Virginia. If it does, then Virginia may well possess standing to challenge the individual mandate. But if the VHCFA serves merely as a smokescreen for Virginia's attempted vindication of its *citizens*' interests, then settled precedent bars this action.

### III.

Faithful application of the above principles mandates a single answer to this question: the VHFCA does not confer on Virginia a sovereign interest in challenging the individual mandate. Virginia lacks standing to challenge the individual mandate because the mandate threatens no interest in the "enforceability" of the VHCFA. *Maine v. Taylor*, 477 U.S. 131, 137 (1986).

Contrary to Virginia's arguments, the mere existence of a state law like the VHCFA does not license a state to mount a judicial challenge to any federal statute with which the state law assertedly conflicts. Rather, only when a federal law interferes with a state's exercise of its sovereign "power to create *and enforce* a legal code" does it inflict on the state the requisite injury-in-fact. *Snapp*, 458 U.S. at 601 (emphasis added); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 (1983) (holding that "federal courts should not entertain suits by the States to declare the validity of their regulations despite possibly conflicting federal law").

Thus, in each case relied on by Virginia, in which a state was found to possess sovereign standing, the state statute at issue regulated behavior or provided for the administration of a state program. *See Taylor*, 477 U.S. at 132-33 (regulating importation of baitfish); *Diamond*, 476 U.S. at 59-60 (regulating abortion); *Wyoming*, 539 F.3d at 1239-40 (establishing "procedure to expunge convictions of domestic violence misdemeanors" for purposes of "restoring any firearm rights"); *Texas Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 409 (5th Cir. 1999) (establishing telecommunications aid programs for schools and libraries); *Alaska v. U.S. Dep't of Transp.*, 868 F.2d 441, 442-43 (D.C. Cir. 1989) (regulating airline price advertising); *Ohio v. U.S. Dep't of Transp.*, 766 F.2d 228, 230 (6th Cir. 1985) (regulating shipment of hazardous nuclear materials). The state statutes in each of these cases reflect the "exercise of [a state's] sovereign power over

individuals and entities within the relevant jurisdiction." *Snapp*, 458 U.S. at 601.

By contrast, the VHCFA regulates nothing and provides for the administration of no state program. Instead, it simply purports to immunize Virginia citizens from federal law. In doing so, the VHCFA reflects no exercise of "sovereign power," for Virginia lacks the sovereign authority to nullify federal law. *See Mayo v. United States*, 319 U.S. 441, 445 (1943) (stating the "corollary" of the Supremacy Clause that "the activities of the Federal Government are free from regulation by any state"); *Johnson v. Maryland*, 254 U.S. 51, 55-56 (1920) (noting the "entire absence of power on the part of the States to touch . . . the instrumentalities of the United States").

Moreover, the individual mandate does not affect Virginia's ability to enforce the VHCFA. Rather, the Constitution itself withholds from Virginia the power to enforce the VHCFA against the federal government. *See Ohio v. Thomas*, 173 U.S. 276, 283 (1899) (stating that "federal officers who are discharging their duties in a state . . . are not subject to the jurisdiction of the state"). Given this fact, the VHCFA merely declares, without legal effect, that the federal government cannot apply insurance mandates to Virginia's citizens. This non-binding declaration does not create any genuine conflict with the individual mandate, and thus creates no sovereign interest capable of producing injury-in-fact.

Nor do we find at all persuasive Virginia's contention that the use of the passive voice in the VHCFA—i.e., a declaration that no Virginia resident "shall be required" to maintain insurance –- provides a regulation of private employers and localities that conflicts with the individual mandate. This is so because the *individual* mandate regulates only *individuals*; it does not in any way regulate private employers or localities. *See* 26 U.S.C. § 5000A(a). Thus, Virginia has suffered no

injury to its sovereign interest in regulating employers and localities.[2]

In sum, Virginia does not possess a concrete interest in the "continued enforceability" of the VHCFA, *Taylor*, 477 U.S. at 137, because it has not identified any plausible, much less imminent, enforcement of the VHCFA that might conflict with the individual mandate. Rather, the only apparent function of the VHCFA is to declare Virginia's opposition to a federal insurance mandate. And, in fact, the timing of the VHCFA, along with the statements accompanying its passage, make clear that Virginia officials enacted the statute for precisely this declaratory purpose. *See* Va. Governor's Message (Mar. 24, 2010) (Governor stating at VHCFA signing ceremony that "access to quality health care . . . should not be accomplished through an unprecedented federal mandate"); *id.* (Lieutenant Governor also remarking that the VHCFA "sent a strong message that we want no part of this national fiasco"). While this declaration surely announces the genuine opposition of a majority of Virginia's leadership to the individual mandate, it fails to create any sovereign interest in the judicial invalidation of that mandate. *See Diamond*, 476 U.S. at 62 ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements.").

Given that the VHCFA does nothing more than announce

---

[2]Moreover, even if the individual mandate did some day in the future interfere with the asserted application of the VHCFA to localities and private employers, it would not *now* provide Virginia standing. Only injury that is "actual or imminent, not conjectural or hypothetical" can support Article III standing. *Lujan*, 504 U.S. at 560 (internal quotation omitted). Any future conflict between the individual mandate and the purported regulation of localities or private employers contained in the VHCFA is at best conjectural. Virginia has identified no actual non-federal insurance requirement that runs afoul of the VHCFA, nor has it offered evidence that any private employer or locality is contemplating the imposition of such a requirement.

an unenforceable policy goal of protecting Virginia's residents from federal insurance requirements, Virginia's "real interest" is not in the VHCFA itself, but rather in achieving this underlying goal. *Snapp*, 458 U.S. at 600; *see id.* at 602 (noting that "[i]nterests of private parties are obviously not in themselves sovereign interests, and they do not become such simply by virtue of the State's aiding in their achievement"). But a state may not litigate in federal court to protect its residents "from the operation of [a] federal statute[]," *Georgia v. Pa. R. Co.*, 324 U.S. 439, 447 (1945), nor can it escape this bar merely by codifying its objection to the federal statute in question. *See New Jersey v. Sargent*, 269 U.S. 328, 334 (1926) (dismissing an action whose "real purpose" was "to obtain a judicial declaration that . . . Congress exceeded its own authority").

The presence of the VHCFA neither lessens the threat to federalism posed by this sort of lawsuit nor provides Virginia any countervailing interest in asserting the rights of its citizens. *Cf. Kleppe*, 533 F.2d at 677. After all, the action of a state legislature cannot render an improper state parens patriae lawsuit less invasive of federal sovereignty. *See Mellon*, 262 U.S. at 485-86 (emphasizing that "it is no part of [a state's] duty or power to enforce [its citizens'] rights in respect of their relations with the federal government"). Nor does a state acquire some special stake in the relationship between its citizens and the federal government merely by memorializing its litigation position in a statute. *See Illinois Dep't of Transp. v. Hinson*, 122 F.3d 370, 373 (7th Cir. 1997). To the contrary, the VHCFA, because it is not even hypothetically enforceable against the federal government, raises only "abstract questions of political power, of sovereignty, of government." *Mellon*, 262 U.S. at 485. The Constitution does not permit a federal court to answer such questions. *See id.* (noting that courts are "without authority to pass abstract opinions upon the constitutionality of acts of Congress").

To permit a state to litigate whenever it enacts a statute declaring its opposition to federal law, as Virginia has in the VHCFA, would convert the federal judiciary into a "forum" for the vindication of a state's "generalized grievances about the conduct of government." *Flast v. Cohen*, 392 U.S. 88, 106 (1968). Under Virginia's standing theory, a state could acquire standing to challenge *any* federal law merely by enacting a statute—even an utterly unenforceable one—purporting to prohibit the application of the federal law. For example, Virginia could enact a statute declaring that "no Virginia resident shall be required to pay Social Security taxes" and proceed to file a lawsuit challenging the Social Security Act.[3] Or Virginia could enact a statute codifying its constitutional objection to the CIA's financial reporting practices and proceed to litigate the sort of "generalized grievance[]" about federal administration that the Supreme Court has long held to be "committed to the . . . political process." *United States v. Richardson*, 418 U.S. 166, 179-80 (1974) (internal quotation omitted).

Thus, if we were to adopt Virginia's standing theory, each state could become a roving constitutional watchdog of sorts; no issue, no matter how generalized or quintessentially political, would fall beyond a state's power to litigate in federal court. *See, e.g.*, *id.*; *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974). We cannot accept a theory of standing that so contravenes settled jurisdictional constraints.

---

[3]At oral argument, Virginia appeared unconcerned about the prospect of such lawsuits, merely repeating the truism set forth in its brief that "litigants frequently have standing to lose on the merits." Appellee's Br. at 17. This argument fails. The Supreme Court has clearly disavowed such "hypothetical jurisdiction," emphasizing that jurisdictional requirements are mandatory in *all* cases. *Steel*, 523 U.S. at 101. The Court has explained that in cases involving baseless substantive claims, it is all the more important that we respect the "constitutional limits set upon courts in our system of separated powers." *Id.* at 110.

## IV.

In concluding that Virginia lacks standing to challenge the individual mandate, we recognize that the question of that provision's constitutionality involves issues of unusual legal, economic, and political significance. The Constitution, however, requires that courts resolve disputes "not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). Virginia can provide no such "concrete factual context" here, because it challenges a statutory provision that applies not to states, but exclusively to individuals.

Given this fact, Virginia lacks the "personal stake" in this case essential to "assure that concrete adverseness which sharpens the presentation of issues." *Massachusetts v. EPA*, 549 U.S. at 517 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Thus, Virginia's litigation approach might well diverge from that of an individual to whom the challenged mandate actually does apply. *See United States v. Johnson*, 319 U.S. 302, 305 (1943) (per curiam) (explaining that the "actual antagonistic assertion of rights" serves as a "safeguard essential to the integrity of the judicial process" (internal quotation omitted)); *Hinson*, 122 F.3d at 373 (noting that rules of standing aim to prevent state "bureaucrats" and "publicity seekers" from "wresting control of litigation from the people directly affected").

Moreover, the lack of factual context here impedes analysis of the underlying constitutional disputes. *See Comite de Apoyo a los Trabajadores Agricolas v. U.S. Dep't of Labor*, 995 F.2d 510, 513 (4th Cir. 1993) (explaining that the "concrete adverseness" required by standing rules "helps reduce the risk of an erroneous or poorly thought-out decision" (internal quotation omitted)). For example, both parties prem-

ise their Commerce Clause arguments on their competing characterizations of what the individual mandate regulates. *Compare* Appellee's Br. at 23 (arguing that § 5000A regulates the "passive status of being uninsured") *with* Appellant's Br. at 45-48 (arguing that § 5000A regulates the financing of consumers' inevitable participation in the health care market). A number of factors might affect the validity of these characterizations, including a taxpayer's current possession of health insurance, current or planned future consumption of health care, or other related voluntary action. *See Thomas More Law Center v. Obama*, ___ F.3d ___ (6th Cir. 2011) (No. 10-2388, slip op. at 52-53) (opinion of Sutton, J.). The case at hand lacks the concrete factual context critical to a proper analysis of these issues.

In sum, the significance of the questions at issue here only heightens the importance of waiting for an appropriate case to reach the merits. This is not such a case.

## V.

For the foregoing reasons, we vacate the judgment of the district court and remand to that court, with instructions to dismiss the case for lack of subject-matter jurisdiction.

*VACATED AND REMANDED*